THOMAS J. DIDONATO, PLAINTIFF-RESPONDENT, v. WILD-WOOD MUNICIPAL BODY CORPORATE AND POLITIC, AND MICHAEL PRESTON, DEFENDANT-RESPONDENTS, AND STATE OF NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION, DIVISION OF COASTAL RESOURCES, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued April 9, 1984—Decided May 7, 1984.

Before Judges BISCHOFF, PETRELLA and BRODY.

*Dale Laster Lessne,* Deputy Attorney General, argued the cause for appellant (*Irwin I. Kimmelman,* Attorney General of New Jersey, attorney; *James J. Ciancia,* Assistant Attorney General, of counsel).

*Willis F. Flower* argued the cause for respondent, *Thomas J. DiDonato* (*Ford* and *Flower,* attorneys).

No brief was filed on behalf of the City of Wildwood.

The opinion of the court was delivered by

PETRELLA, J.A.D.

The trial judge entered a judgment declaring that plaintiff's development application was automatically approved under the Coastal Areas Facility Review Act (CAFRA), *N.J.S.A.* 13:19–1, *et seq.*, and implementing regulations, when read in conjunction with the provisions of *N.J.S.A.* 13:1D–29, *et seq.*, referred to as the "90-day law, for failure of the Department of Environmental Protection (DEP) to notify the applicant of its action in disapproving plaintiff's application within 90 days. We reverse.

On this appeal the DEP urges that the trial judge erred in holding that it failed to act on plaintiff DiDonato's application for a CAFRA permit in a timely manner and erred in applying the provisions of the 90-day act.

Plaintiff is a developer involved in acquiring and improving real estate in Cape May County. On July 21, 1982 plaintiff submitted to the DEP an application for a CAFRA permit together with an environmental statement to allow construction of a five-story, 80-unit condominium within the coastal zone in Wildwood pursuant to *N.J.S.A.* 13:19–6. Additional information was required by the DEP. On August 25, 1982 the DEP considered the application complete and scheduled a public hearing for September 30, 1982. After that hearing plaintiff submitted the requisite additional information requested and it was received by the DEP on October 21, 1982. The DEP acknowledged receipt by letter dated October 22, 1982 indicating that under "Section 12 of the Act (CAFRA), you will be notified of the decision of the Department on this permit application within 90 days of that date, or by January 19, 1983."

On January 19, 1983 the Acting Director of the Division of Coastal Resources signed a denial of the application. The envelope containing the notification was postmarked January 21, 1983 and was received by plaintiff on January 22, 1983.[1]

_____

[1] The DEP claims for the first time on appeal that the 90 days was wrongly calculated and runs from October 22, 1982 and expires January 20, 1983 which

Plaintiff's February 18, 1983 request for an administrative hearing was granted by the DEP on April 7, 1983. In the meantime on March 4, 1983 plaintiff filed an action in lieu of prerogative writs. On the return date of the order to show cause and the State's cross-motion to dismiss for failure to exhaust administrative remedies, the trial judge entered judgment in favor of plaintiff and denied the State's cross-motion. The DEP appealed, and plaintiff's administrative hearing was placed on the inactive list pending the determination of this appeal.

Resolution of this case depends upon the efficacy of the DEP's January 19, 1983 denial of plaintiff's application.

CAFRA provides in § 12 (*N.J.S.A.* 13:19–12):

> The commissioner shall *notify* the applicant within 60 days after the hearing as to the granting or denial of a permit. The reasons for granting or denying the permit shall be stated. In the event the commissioner requires additional information as provided for in section 9, he shall notify the applicant of his decision within 90 days following the receipt of the information. (Emphasis added.)

CAFRA does not provide for any consequence upon failure to so notify within the 90 days. There is no automatic approval or disapproval provision. Regulations implementing CAFRA provide in *N.J.A.C.* 7:7D–2.3(e)7 for notification of the applicant by certified mail and publication in the "DEP Weekly Bulletin." The regulations also provide for automatic approval based on a failure to act within the statutory time period. That regulation reads in pertinent part:

> Decision: Once the application is complete for review, the commissioner shall review the filed application, including the environmental impact statement; relevant State, regional, county, and municipal plans and policies; public agency, private organization and individual comments; the preliminary analysis and the transcript of the public hearing; and render a decision on the application.
>
> i. Timetable: The department shall act on the application record within 60 days of the hearing held pursuant to N.J.S.A. 13:19–9, unless additional infor-

---

is the date it claims the envelope was mailed. Respondent contends that the 90 days runs from the date the DEP received the materials (October 21). We need not resolve that issue in view of the basis for our determination of this appeal.

mation was required at the hearing, in which case the department shall act on the application record within 90 days of the application being declared complete for review pursuant to paragraph 4 of this subsection. The commissioner shall indicate reasons for the approval, conditional approval or denial of the application;

ii. Notification of decision: The department shall notify the applicant of the decision by certified mail and publish the decision in the "DEP Weekly Bulletin". The Division shall notify all interested persons who specifically requested notification of the decision;

iii. Failure to take action within prescribed period: If the department fails to act within the time period prescribed by N.J.A.C. 7:1C–1.8(b), the application shall be deemed to have been approved, subject to the conditions normally imposed on approved permits. The department shall publish notice of such action in the "DEP Weekly Bulletin", pursuant to N.J.A.C. 7:1C–1.8(c);

iv. Extension of decision deadline: The permit application review process may be extended pursuant to the provisions of N.J.A.C. 7:1C–1.8(d).

Under the 90-day law, *N.J.S.A.* 13:1D–32 (and its implementing regulations, *i.e.*, *N.J.A.C.* 7:1C–1.8), there is a provision for automatic approval of a construction permit if the DEP fails to take action within 90 days. N.J.S.A. 13:1D–32 provides:

In the event that the department fails to take action on an application for a construction permit within the 90-day period specified herein, then the application shall be deemed to have been approved; provided, however, that the time periods specified in section 12 of P.L.1973, c. 185 (C. 13:19–12) shall apply to applications for construction permits pursuant to the Coastal Area Facility Review Act, P.L.1973, c. 185 (C. 13:19–1 et seq.).

CAFRA was approved June 20, 1973 as *L.*1973, *c.* 185 and became effective, except for § 22 which was immediately effective, 90 days after enactment. The 90-day Law was approved October 23, 1975 as *L.*1975, *c.* 232 and took effect 60 days thereafter.

The 90-day Act requires the DEP[2] to promptly review all applications for construction permits, other than those issued pursuant to CAFRA. If it is necessary for the DEP to request additional information, the application is considered complete when the additional information is received by it. *N.J.S.A.* 13:1D–30. *N.J.S.A.* 13:1D–31 provides:

---

[2]Section 1 of *L.*1975, *c.* 232 defines "department" as the Department of Environmental Protection, *N.J.S.A.* 13:1D–29 c.

The department shall approve, condition or disapprove an application for a construction permit within 90 days following the date that the application is complete, except that this time period may be extended for a 30-day period by the mutual consent of the applicant and the department, provided that the department request the applicant for such an extension at least 15 days prior to the expiration date for the approval, conditioning or disapproval of such an application.

The trial judge read the two statutes and the regulations in *pari materia* and determined that the State had failed to notify plaintiff of its decision within the 90-day period required by CAFRA in *N.J.S.A.* 13:19–12, and that such failure to send the notice, even though the department had denied the application within the 90-day period, was a failure "to act" within the meaning of the 90-day Law, *N.J.S.A.* 13:1D–29, *et seq.*, and the regulation he considered applicable under CAFRA. See *N.J. A.C.* 7:7D–2.3(3)7iii. The trial judge also relied· on *Manalapan Holding Co. v. Hamilton Twp. Planning Bd.*, 184 *N.J.Super.* 99 (App.Div.1982), rev'd 92 *N.J.* 466, 482 (1983) where the court discouraged waiver or relaxation of a failure to act within the timetable in the land use law while nonetheless refusing to apply the automatic approval provisions in that case. That case is inapposite to the situation presented here because there is no waiver or relaxation of the statute involved and the question is the interpretation and harmonization of two statutes and the regulations.

Essentially the trial judge combined the two statutes and concluded that failure to notify within 90 days constitutes approval even though the Department denied the application within the 90 days. We conclude that neither under CAFRA nor its implementing notice regulation (*N.J.A.C.* 7:7D–2.3(e)7ii) is there any penalty consequence by a failure to *notify* within the 90 days. An application under CAFRA would only be subject to automatic approval if there were a failure to *act* within that time frame. *N.J.S.A.* 13:1D–32 and *N.J.A.C.* 7:7D–2.3(e)7iii. Both the applicable section of the statute and the subsection of the regulation refer to a failure "to act." We

conclude that "act" means more than "notify" in the context used.

The regulations promulgated under CAFRA make a cross-reference to the 90-day regulations which provide that "... the Department shall act on the application within 90 days of receipt of the additional information." *N.J.A.C.* 7:1C–1.8(b). The CAFRA regulations state that "the department shall act on the application within 90 days," *N.J.A.C.* 7:1D–2.3(e)7i, and provide that "[i]f the department fails to act within the time prescribed by *N.J.A.C.* 7:1C–1.8(b), the application shall be deemed to have been approved...." *N.J.A.C.* 7:7D–2.3(e)7iii.

We conclude that in the context of the statutory and regulatory scheme, the action contemplated and referred to therein is that of approval, approval on condition or disapproval of an application. In reading *N.J.S.A.* 13:1D–32 which is the operative statute imposing the automatic approval under the 90-day Law in the event "the department fails to take action on an application": it is clear that this section is referring to the provisions of the preceding section (*N.J.S.A.* 13:1D–31) which essentially defines the phrase "to take action" when it requires that the department "shall approve, condition or disapprove an application for a construction permit within 90 days...." There can be little question that action means something more than simply notification. The Committee statement to Senate Bill No. 3088 which became *L.*1975, *c.* 232, said in its first paragraph:

This bill provides for the approval, conditioning or disapproval of a construction permit within 90 days of the completion of an application, unless the time period is extended by mutual consent of the applicant and the department. If the department fails to act in 90 days, the application shall be deemed to have been approved.

That part of the regulation dealing with notice, *N.J.A.C.* 7:7D–2.3(e)7ii, says nothing about automatic approval being a consequence of failure to send out the notice within the required time frame. Under both CAFRA and the 90-Day Act, we consider the word "act" to by synonymous with the action

of the department in making a determination on the merits of an application for a construction permit.

The judgment of the trial court is reversed and the matter is remanded for entry of a judgment in favor of the DEP consistent herewith.